IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAY PETERSON,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>HERSCHEL J. SAPPERSTEIN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISPOSING OF REMAINING MOTIONS AND CLOSING CASE<br><br><br><br><br><br>Case No. 2:05-CV-900[1] TS |

This matter is before the Court on six motions: Defendants' Motion to Dismiss,[2] Defendants' Motion for Joinder,[3] Defendants' Ex Parte Motion for Leave to File Order Dismissing Consolidated Action and Awarding Sanctions,[4] Plaintiff's Motion for Extension of

---

[1] On March 21, 2006, the Court ordered that Case No. 2:06-CV-223 TS be consolidated with Case No. 2:05-CV-900 TS.

[2] Docket No. 7.

[3] Docket No. 10.

[4] Docket No. 11.

1

Time to Respond to Rules 12(b)(6)/56 Motion,[5] Plaintiff's Motion for Rule 11 Sanctions: Lie Detector Testing,[6] and Defendant's Motion to Strike the Inadmissible Declaration of Jay Peterson.[7]  The Court, having considered the pleadings and being otherwise fully informed, finds that a hearing is not necessary for the resolution of this matter.  The Court will grant Defendants' Motion to Dismiss, dispose of the remaining motions, and dismiss this case.

DISCUSSION

I.   DEFENDANTS' MOTION TO DISMISS

On March 20, 2006, Defendants[8] filed a Motion to Dismiss.[9]  Plaintiff filed his opposition on April 20, 2006,[10] and Defendants' Reply was filed on April 26, 2006.[11]  In this action, Plaintiff alleges that Herschel J. Saperstein and his attorneys are liable for damages resulting from the Receiver's enforcement of the orders made and entered in the matter of *Federal Trade Commission v. U.S. Hotline, et al.*[12] (the "Receivership Case" or "Receivership Proceedings"),

---

[5] Docket No. 13.

[6] Docket No. 14.

[7] Docket No. 21.

[8] Defendants Herschel J. Saperstein, Ray Quinney & Nebeker, and Steven Call filed the Motion to Dismiss.  However, on March 24, 2006, Docket No. 10, the remaining Defendants made a Motion to Join in the Motion to Dismiss, which the Court grants herein.  Therefore, the Court will refer to all Defendants collectively.

[9] Docket No. 7.

[10] Docket No. 12.

[11] Docket No. 17.

[12] Case No. 2:93-CV-444 DB.

which was filed in the United States District Court for the District of Utah, Central Division ("District Court") on May 6, 1993.

A brief history of the proceedings prior to the filing of Plaintiff's Complaint is necessary: At the request of the government, in 1993,[13] Mr. Saperstein was appointed as the Receiver to assist the District Court in the administration of the Receivership Case. Defendants Ray Quinney & Nebeker and Steven Call were the attorneys who were duly appointed by the District Court to represent Mr. Saperstein in the Receivership Case. The Receivership Proceedings were complex and involved various hearings and proceedings before the Honorable Dee V. Benson, United States District Court Judge, and the Honorable Ronald Boyce, United States Magistrate Judge. Pursuant to orders of the District Judge and the Magistrate Judge, Mr. Saperstein as Receiver recovered monies from banking institutions in Canada and Austria held in the name of Peterson and his companies for the Receivership estate. The Receivership administered the monies pursuant to the orders of the District Court for the benefit of consumers who has been mislead and defrauded by one or more of Peterson's companies.

During the course of the Receivership Proceedings, Peterson's companies, which were represented by the law firm of Prince, Yeates and Geldzahler, and Peterson, who was individually represented by Charles Abbott of the law firm of Abbott & Abbott, reached a settlement with the United States, wherein it was agreed that monies held or recovered by the Receiver would be used to pay redress to tens of thousands of consumers throughout the United

---

[13] The appointment was made on a temporary basis on May 11, 1993, and became permanent on June 15, 1993.

States and Canada who has been mislead by Peterson's companies. The parties entered into a global settlement agreement[14] wherein it was agreed that the Receiver would administer a refund program whereby consumers could file claims with the Receiver and receive a reimbursement of their purchase money. The settlement agreement was signed by Peterson individually and his companies and was thereafter approved by and adopted as the order of the District Court on August 29, 1995.

      Under the terms of the settlement agreement, Peterson and his companies released the Receiver, individually and in his official capacity, and his attorneys and accountants from any and all claims, liabilities and obligations of every kind and nature. The order approving and adopting the settlement agreement was never challenged or appealed and remains an enforceable order.

      Pursuant to the settlement agreement and order approving and adopting it, Peterson and his companies further stipulated to the entry of a permanent injunction against them. The injunction, dated June 30, 1995, expressly incorporated the terms of the settlement agreement. The injunction remains a valid and enforceable order of the District Court. In addition, upon administration of the Receivership estate by Mr. Saperstein and his counsel, a final report and account and a first supplemental report and account were presented to the District Court and approved thereby after notice and hearing, following which a second supplemental report and account was filed by Mr. Saperstein and his counsel. Thereafter, the District Court made and

---

[14] The agreement was signed by the parties on April 28, 1995, May 18, 1995, and June 30, 1995.

entered its orders approving all three – each of which also released the Receiver individually and in his official capacity and his attorneys and accountants from any and all claims, liabilities and obligations of every kind and nature.

On January 29, 1999, Peterson commenced legal action by the filing of Adversary Proceeding #99-2041 against the government and others in his individual Chapter 11 bankruptcy case. In that proceeding, Peterson alleged that he and his companies had been damaged as a result of actions undertaken by the government in filing the Receivership Case. After duly considering the prior proceedings before the District Court in the Receivership Case and based upon other grounds, District Judge Kimball dismissed Peterson's claims against the government, with prejudice on October 25, 1999. The United States Court of Appeals for the Tenth Circuit affirmed Judge Kimball's decision on or about September 10, 2001.

Notwithstanding the preceding events, Peterson has now filed this action against Mr. Saperstein and his attorneys seeking to recover on claims premised upon events which occurred in connection with the Receivership Case. Peterson filed his Complaint on November 1, 2005, in the above-captioned action in the District Court and in the Fourth District Court in and for the State of Utah. The state court action was removed by Defendants, pursuant to 28 U.S.C. § 1452 on March 16, 2006. Thereafter, that action was consolidated into this action by the Court's March 21, 2006 Order.[15] The Court notes that the two complaints are substantially identical.

---

[15] Docket No. 10.

As previously noted, Defendants filed a Motion to Dismiss on March 20, 2006. Plaintiff filed his response on April 20, 2006. The Court finds Plaintiffs April 20, 2006 Response[16] to Defendant's Motion to Dismiss to be unresponsive and unavailing. Plaintiff does not respond to the key points raised in Defendants' Motion, and raises issues which are unfounded and do not reasonably counter Defendants' arguments.

The Court, having considered Defendants' Motion to Dismiss, and having duly considered that the District Court has heretofore approved and adopted the settlement agreements executed by Peterson and his companies and the government, which released and discharged Mr. Saperstein, both officially and individually, and his attorneys and accountants, from any and all claims, and that the District Court has also heretofore entered orders releasing and discharging Mr. Saperstein and his Receivership counsel and accountants from any and all debts, obligations, claims and demands of every kind and nature, including claims held by Peterson or his companies, and having further considered that Peterson brought similar claims in 1999 against the government which were dismissed by the District Court with prejudice and that the order of dismissal was affirmed by the Tenth Circuit Court of Appeals on appeal, and having also considered that any claim or objection to the Receivership Proceedings by Peterson should have been raised and adjudicated in that case and that the District Court's orders made in the Receivership Case may not be collaterally attacked in this action, and having also determined that the purported claims alleged by Peterson are also barred by the applicable statute of limitations and that they fail to state a claim upon which relief may be granted, and having

---

[16] Docket No. 12.

further determined that the allegations in Peterson's complaints are malicious, scurrilous, without merit and not asserted in good faith, will GRANT Defendant's Motion and dismiss this case and will further enjoin Plaintiff as set forth at the close of this Order.

II.     DEFENDANT'S MOTION FOR JOINDER

On March 24, 2006, Defendants Charles Foote, Craig McQuarrie and CBIZ & Mayer Hoffman McCann, filed a Joinder in Motion to Dismiss and For Sanctions of Defendants Herschel Saperstein, Ray, Quinney and Nebeker and Steven Call.[17]  Plaintiff has not opposed this Motion.  The Court hereby GRANTS the Motion, and will allow the joinder.

III.    DEFENDANTS' EX PARTE MOTION FOR LEAVE TO SUBMIT PROPOSED ORDER

On April 12, 2006, Defendants filed an Ex Parte Motion for Leave to Submit Proposed Order,[18] arguing that Plaintiff failed to timely respond to its Motion to Dismiss.  Later, in their Memorandum in Opposition to Plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss,[19] Defendants explain that at the time of the filing of their Ex Parte Motion for Leave to Submit Proposed Order,[20] they were under the mistaken understanding that Plaintiff had not responded to their Motion to Dismiss.[21]  However, they concede now that "Peterson's opposition

---

[17] Docket No. 10.

[18] Docket No. 11.

[19] Docket No. 19.

[20] Docket No. 11.

[21] Docket. No. 7.

memoranda were in fact timely filed."[22]  Therefore, the Court finds the Ex Parte Motion to be MOOT.

IV.     PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND

On April 18, 2006, Plaintiff filed a Motion for Extension of Time to Respond to Rules 12(b)(6)/56 Motion.[23]  Defendants filed their response on April 26, 2006.[24]

Plaintiff requests "more time, at least until a reasonable time following the requested lie detector testing, to respond to defendants'" motions.[25]  Plaintiff requests such lie detector methods as "hybrid infrared, VSA, or enhanced MRI."[26]

Defendants respond by pointing out the fact that Plaintiff has already filed both Plaintiff's Response to Motion to Dismiss by Defendants,[27] and his First Declaration Opposed to Defendants' Motion to Dismiss or for Summary Judgment.[28]

Given the fact that Plaintiff has already twice responded to Defendants' Motion to Dismiss, the Court will not grant Plaintiff an extension of time to allow for further response.

---

[22] Docket No. 19, at 2.

[23] Docket No. 13.

[24] Docket No. 19.

[25] *Id.* at 1.

[26] *Id.*

[27] Docket No. 12.

[28] Docket No. 16.  This document is the subject of Defendant's Motion to Strike the Inadmissible Declaration of Jay Peterson, Docket No. 21.

Briefing on the Motion to Dismiss is completed, and the Court has ruled thereon. Therefore, Plaintiff's Motion for Extension of Time to Respond to Rule 12(b)(6)/56 Motion[29] is DENIED.

V.    PLAINTIFF'S MOTION FOR SANCTIONS

On April 18, 2006, Plaintiff filed a Motion for Rule 11 Sanctions: Lie Detector Testing,[30] and a supporting memorandum.[31] Defendants filed their response on April 26, 2006.[32] Plaintiff claims that Defendants violated Fed.R.Civ.P. 11 by "attempting to deceptively avoid Rule 56 Summary Judgment proceedings."[33] In the Motion, Plaintiff also requests that the Court "order lie detector tests for each defendant, specified by Complainant with assistance from law enforcement, and at defendants' prepaid expense."[34] Defendant responds that the Motion is frivolous, and that no grounds exists for a Rule 11 motion by Plaintiff. The Court agrees with Defendants, and will DENY Plaintiff's Motion for the reasons set forth in Defendant's Memorandum in Opposition.[35]

---

[29] Docket No. 13.

[30] Docket No. 14.

[31] Docket No. 15.

[32] Docket No. 18.

[33] Docket No. 14, at 1.

[34] *Id.*

[35] Docket No. 18.

VI.     D<small>EFENDANT</small>'<small>S</small> M<small>OTION TO</small> S<small>TRIKE</small> D<small>ECLARATION OF</small> J<small>AY</small> P<small>ETERSON</small>

       On May 11, 2006, Defendants filed a Motion to Strike the Inadmissible Declaration of Jay Peterson.  The time has not yet expired for Plaintiff to respond to the Motion.  However, as the Court is disposing of Defendants' Motion to Dismiss on the merits, and considering the referenced Declaration of Plaintiff, the Court will declare Defendant's Motion to Strike MOOT and close this case.

CONCLUSION

       Based upon the above, it is hereby

       ORDERED that the Motion to Dismiss of Defendants Herschel J. Saperstein, Ray, Quinney & Nebeker and Steven Call (Docket No. 7) is GRANTED.  It is further

       ORDERED that Defendants Charles Foote, Craig McQuarrie and CBIZ & Mayer Hoffman McCann's Motion for Joinder in Motion to Dismiss and for Sanctions of Defendants Herschel Saperstein, Ray, Quinney and Nebeker and Steven Call (Docket No. 10) is GRANTED.  It is further

       ORDERED that Defendants' Ex Parte Motion for Leave to Submit Proposed Order (Docket No. 11) is MOOT.  It is further

       ORDERED that Plaintiff's Motion for Extension of Time to Respond to Rules 12(b)(6)/56 Motion (Docket No. 13) is DENIED.  It is further

       ORDERED that Plaintiff's Motion for Rule 11 Sanctions: Lie Detector Testing (Docket No. 14) is DENIED.  It is further

ORDERED that Defendants' Motion to Strike the Inadmissible Declaration of Jay Peterson (Docket No. 21) is MOOT. It is further

ORDERED that Plaintiff's Complaint in this consolidated action is DISMISSED with prejudice. It is further

ORDERED that the hearing set for May 17, 2006 at 11:00 a.m. is STRICKEN. It is further

ORDERED that Plaintiff is hereby enjoined from filing any further action against Mr. Saperstein or his Receivership counsel which in any way relates to the Receivership Case. It is further

ORDERED that Plaintiff is hereby enjoined from commencing any legal action against any of Defendants in any court without first obtaining a prior order from this Court authorizing such action upon a showing of clear and convincing evidence that any such action is proper despite the orders heretofore made and entered by the District Court in the Receivership Case. It is further

ORDERED that if any such actions are commenced without an order of the Court, that this Order may be summarily enforced against Peterson by Defendants by way of motion before this Court.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED  May 17, 2006.

                            BY THE COURT:

                            _____
                            TED STEWART
                            United States District Judge