IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAY PETERSON,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>HERSCHEL J. SAPPERSTEIN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SECOND RULE 59 MOTION TO ALTER OR AMEND JUDGMENT AND DENYING PLAINTIFF'S MOTION TO RECUSE<br><br><br><br><br><br>Case No. 2:05-CV-900 TS |

This matter is before the Court on Plaintiff's Second Rule 59 Motion to Alter or Amend Judgment,[1] and Plaintiff's Motion to Recuse Judge Ted Stewart.[2] Plaintiff previously filed a Rule 59 Motion, which the Court denied on November 21, 2006.[3] Here, Plaintiff again asks the Court to reconsider its May 17, 2006 Memorandum Decision and Order Granting Defendant[s']

---

[1] Docket No. 36.

[2] Docket No. 37.

[3] Docket No. 35.

1

Motion to Dismiss.[4]  Defendants have filed opposing memoranda on both Motions.  The Court, having reviewed the pleadings and the file, and being otherwise fully informed, will deny the Motions.

DISCUSSION

I.RULE 59 MOTION TO ALTER OR AMEND JUDGMENT.

When considering a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), such an action is warranted when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[5]

In the instant second Rule 59 Motion, Plaintiff argues that the Court's judgment should be altered or amended "based upon the lack of any bona fide reconsideration in its order of November 21, 2006, upon the discovery of the ghostwritten nature of the Memorandum and Order of May 17, 2006."[6]  He further argues that "the discovery of the ghostwriting" constitutes "new evidence previously unavailable," "or the need to correct clear error or prevent manifest injustice."[7]

The Court issued its May 17, 2006 Memorandum Decision and Order based upon the record before it, and Plaintiff's arguments establish neither new evidence which was previously

---

[4] Docket No. 23.

[5] *Servants of the Paracletes v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted).

[6] Docket No. 36, at 1.

[7] Docket No. 37, at 1 (citing *Servants of the Paracletes v. John Does*, 204 F.3d at 1012).

unavailable, nor a need to correct clear error or prevent manifest injustice.  Further, there has been no intervening change in the controlling law.  Consequently, the Court will deny Plaintiff's second Rule 59 Motion to Alter or Amend Judgment.

II.    MOTION TO RECUSE JUDGE TED STEWART.

In federal court, recusal of a judge may be sought under either of two statutes: 28 U.S.C. § 144, and 28 U.S.C. § 455.  Section 144 requires that an affidavit of personal bias and prejudice be timely, sufficient, and accompanied by a certificate of good faith.  Plaintiff has not filed an affidavit in support of his instant Motion to Recuse.  Further, "[d]isqualification under [] § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial . . ."[8]  Section 455 provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[9]  Further, the Tenth Circuit has established that a "motion to recuse cannot be based solely on adverse rulings."[10]

In support of his Motion, Plaintiff states the following grounds: 1) that the Court either "laboriously copied" its May 17, 2006 Order from Defendants, or Defendants "secretly submitted the ghostwritten order to the court for its signature without notice to plaintiff;"[11] 2) that the law

---

[8] *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

[9] 28 U.S.C. § 455(a).

[10] *Willner v. University of Kansas*, 848 F.2d 1023, 1027 (10th Cir. 1988); *see also Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (motion to recuse pursuant to §§ 455 and 144); and *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (motion to recuse pursuant to § 144).

[11] Docket No. 39, at 1.

firm Defendant "is closely associated with the S.J. Quinney foundation," which makes "large donations" to the University of Utah law school, where a former district and magistrate judge assigned to this case – notably not the undersigned judge – "received lucrative cash payments for teaching positions;"[12] and 3) that the law firm Defendant "was also the law firm for the Salt Lake Organizing Committee and authorized the many bribes made to voting members of the Olympic Committee to secure a favorable vote for Salt Lake City as Olympic games host city" which, Plaintiff argues, gives "at least the very strong appearance of influencing the Federal judges in this matter with direct or indirect bribes," etc.[13]  The Court notes that, despite these vague and dramatic allegations, primarily regarding Defendants, Plaintiff makes no specific allegation of misconduct or wrongdoing by the undersigned judge, whose recusal he seeks.

Neither recusal statute is cited by Plaintiff in support of his Motion.  However, even if the Court were to construe Plaintiff's arguments as being made pursuant to either § 144 or § 455, his claims are without merit.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiff's Second Rule 59 Motion to Alter or Amend Judgment (Docket No. 36) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Recuse Judge Ted Stewart (Docket No. 38) is DENIED.

---

[12] *Id.* at 2-3.

[13] *Id.* at 2.

SO ORDERED.

DATED April 13, 2007.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge